## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHANTE R. HAWKINS,
                    Appellant,

         v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                    Agency.

DOCKET NUMBER
DC-0752-16-0471-I-1

DATE: September 14, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shante R. Hawkins, Virginia Beach, Virginia, pro se.

Timothy M. O'Boyle, Esquire, Hampton, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2        Effective November 1, 2015, the agency appointed the nonpreference‑eligible appellant to an excepted-service position as a Nursing Assistant at the Hampton Veterans Affairs Medical Center.  Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 15‑16.  The appointment was subject to a 1‑year trial period.  IAF, Tab 4 at 15.  Prior to the completion of her trial period, however, the agency terminated the appellant effective April 1, 2016.  *Id*. at 8‑9.  The termination notice cited the appellant's conduct as the reason for her termination. *Id*. at 9.

¶3        The appellant filed a timely Board appeal challenging her termination and requested a hearing.  IAF, Tab 1 at 2‑3, 5.  The administrative judge issued an acknowledgment order, which provided the appellant with jurisdictional notice of the requirements for establishing that she was an "employee" with Board appeal rights under 5 U.S.C. chapter 75, and ordered her to submit evidence and argument raising a nonfrivolous allegation of jurisdiction over her appeal within 15 calendar days.  IAF, Tab 3 at 2‑6.  The appellant failed to respond to the

order, and the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 4 at 5.

¶4 Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID). She found that the appellant failed to raise a nonfrivolous allegation that she was an employee with Board appeal rights under 5 U.S.C. chapter 75. ID at 3‒4. The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition to the petition for review. Petition for Review (PFR) File, Tabs 2, 5.[2]

¶5 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant who makes a nonfrivolous allegation of jurisdiction is entitled to a hearing at which she must then prove jurisdiction by a preponderance of the evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *see* 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶6 As a nonpreference‒eligible individual in the excepted service, the appellant was entitled to appeal to the Board if and only if, at the time of her termination, she was an "employee" under 5 U.S.C. § 7511(a)(1)(C). *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 5 (2012); *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 8 (2005). That section defines an employee as an individual: (1) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2)

---

[2] On review, the appellant also filed a separate pleading, consisting of copies of documents already contained in the record below. PFR File, Tab 3; IAF, Tab 4 at 9‒11, 15. In addition, approximately a month after the initial decision was issued, the appellant filed a pleading with the Board's regional office, which challenged the merits of the agency's termination decision, and included evidence already contained in the record. PFR File, Tab 1; IAF, Tab 4 at 12. The regional office forwarded the pleading to the Office of the Clerk of the Board, which included the pleading in the record on review. PFR File, Tab 4.

who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.  5 U.S.C. § 7511(a)(1)(C)(i)-(ii).

¶7        Here, there is no indication, and the appellant does not allege, that she held an initial appointment pending conversion to the competitive service.  IAF, Tab 1 at 1, 5, Tab 4 at 8, 15‒16; *see* 5 U.S.C. § 7511(a)(1)(C)(i).  Thus, the only definition of "employee" the appellant could satisfy is "an individual in the excepted service" found at 5 U.S.C. § 7511(a)(1)(C)(ii), i.e., a nonpreference eligible who has completed 2 years of current, continuous service in the same or similar position.  The administrative judge correctly determined, however, that the appellant failed to raise a nonfrivolous allegation that she completed 2 years of service in the same or similar positions.  ID at 2‒3; *see* 5 U.S.C. § 7511(a)(1)(C)(ii).  It is undisputed that the agency terminated the appellant's employment before she completed 2 years of service in her Nursing Assistant position.  IAF, Tab 4 at 8, 15‒16.  The appellant does not allege that she had any prior Federal service, and the Standard Form 50 (SF-50) documenting her appointment reflects a service computation date of November 1, 2015, indicating that she did not have any prior Federal service.  *Id.* at 15.  Thus, the administrative judge correctly found that the appellant failed to raise a nonfrivolous allegation that she was an "employee" with the right to appeal her termination to the Board under 5 U.S.C. chapter 75.  ID at 4.

¶8        On review, the appellant does not challenge the administrative judge's jurisdictional findings, but instead raises arguments regarding the merits of the agency's termination decision.  PFR File, Tabs 1‒2.  Specifically, she contends that she was "targeted" by her supervisor after an incident in which a patient assaulted and injured her.  PFR File, Tab 2 at 5.  She also asserts that a doctor who reported issues with her conduct never intended for her to be terminated.  PFR File, Tab 1 at 2, Tab 2 at 5.  However, because the appellant has failed to

meet her jurisdictional burden, we will not address her arguments concerning the merits of her termination. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (finding that a decision on the merits would be a nullity in the absence of Board jurisdiction); *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that an appellant's arguments on review regarding the merits of an agency action were not relevant to whether the Board had jurisdiction over an appeal).

¶9        Finally, the appellant contends that the agency did not provide her sufficient time to resign instead of being terminated.  PFR File, Tab 2 at 5.  However, 5 C.F.R. § 315.806(c), which provides that a probationary employee terminated for pre‑appointment reasons may appeal an agency's failure to provide advance notice and certain other procedural protections, is not applicable to excepted service employees such as the appellant.  *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009); 5 C.F.R. §§ 315.805, 315.806(c).  Further, absent an otherwise appealable action, the Board lacks jurisdiction over claims that the agency committed harmful procedural error in effectuating the appellant's termination.  *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacked jurisdiction over claims of harmful error).

¶10       In sum, for these reasons, after considering the appellant's arguments on review, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.